IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

FELICITA GONZALEZ, *as legal guardian for Jesus A. Fernández-Gonzalez*,
VERONICA Fernández-ROSARIO,
ESTATE OF JESUS Fernández-Hernández

Plaintiffs

v.

PEDRO TOLEDO, BENJAMIN RODRIGUEZ-TORRES, EDWIN RIVERA-MERCED, CARMELO RAMOS-SOTO, GRISELLE RIVERA-AYALA, INSURANCE COMPANIES A-Z

Defendants

**Civil No. 08-1869 (SEC)**

**OPINION and ORDER**

Pending before this Court is Pedro A Toledo-Davila ("Toledo"), Benjamin Rodriguez-Torres ("Rodriguez-Torres"), and Edwin Rivera-Merced's ("Rivera-Merced") (collectively "Defendants") motion to dismiss (Docket # 15). Felicita Gonzalez, as legal guardian for Jesus A. Fernández-Gonzalez, and Veronica Fernández-Rosario, individually and as representative of the Estate of Jesus Fernández-Hernández (collectively "Plaintiffs") opposed (Docket # 20), and Defendants replied (Docket # 21). After reviewing the filings, and the applicable law, Defendant's motion to dismiss is **GRANTED**.

**Factual Background**

On August 8, 2008, Plaintiffs filed the instant complaint under Sections 1981, 1983, and 1988 of the Civil Rights Act of 1964, 42 U.S.C. §§ 1983, 1983 & 1988, the Fourth, Fifth, Seventh, Eighth, and Fourteenth Amendments of the U.S. Constitution, Article II of the Commonwealth's Constitution, and Article 1802 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31 § 5141, against Toledo, Rodriguez-Torres, Rivera-Merced, various police officers, and other unnamed defendants, in their personal capacity. According to the complaint, pursuant to

**CIVIL NO. 08- 1869 (SEC)** Page 2

Inspector Orlando Meléndez's ("Meléndez") orders, Lt. Agustin Mendez-Rodriguez was assigned to cover Lt. Victor Camacho-Rivera's shift while the latter was on vacation. Docket # 3, at 15. However, Rivera-Merced modified Meléndez's orders, and instead assigned Jesus Fernández-Hernández ("Fernández-Hernández") to temporarily replace Camacho-Rivera at the Yabucoa Police Station, despite knowing that Sgt. Carmelo Ramos-Soto ("Ramos-Soto)") also worked there, and that there was "bad blood" between Ramos-Soto and Fernández-Hernández. Id. at 16. On September 12, 2007, Ramos-Soto shot and killed fellow police officer Fernández-Hernández. Plaintiffs allege that Defendants failed to adequately supervise Ramos-Soto. They further argue that Defendants knew, or should have known, about the long-standing history of fights, disputes, and the "hateful" relationship between Fernández-Hernández and Ramos-Soto, and therefore, they should not have been assigned to work together. Docket # 3, p. 5.

On September 16, 2008, Plaintiffs filed a motion requesting default be entered against all defendants. Docket # 6. Shortly thereafter, all defendants, except Ramos-Soto, filed their responsive pleadings. See Dockets ## 10 & 13. On October 8, 2009, Defendants filed a motion to dismiss.[1] Docket # 15. Plaintiffs request that said motion be stricken, and that default be entered. Docket # 18. Plaintiffs' also filed an opposition to Defendants' motion to dismiss (Docket # 20), and Defendants replied (Dockets ## 21 & 22). On December 15, 2008, Defendants filed a second motion to dismiss requesting that all claims against Insurance Companies A-Z be dismissed for failure to comply with FED. R. CIV. P. 4(m). Docket # 25. Finally, on May 29, 2009, Defendant Griselle Ayala-Rivera ("Ayala-Rivera") filed a third party complaint against Camacho-Rivera, Meléndez, and Luis Aponte. Docket # 30. She also filed a cross-claim against Defendants. Docket # 31.

---

[1] They filed an amended motion to dismiss the following day. Docket # 16.

**CIVIL NO. 08- 1869 (SEC)**                                                                                                  Page 3

**Standard of Review**

*Fed. R. Civ. P. 12(b)(6)*

To survive a Rule 12(b)(6) motion, Plaintiffs' "well-pleaded facts must possess enough heft to show that [they are] entitled to relief." Clark v. Boscher, 514 F. 3d 107, 112 (1st Cir. 2008).[2] In evaluating whether Plaintiffs are entitled to relief, the court must accept as true all of their "well-pleaded facts [and indulge] all reasonable inferences therefrom" in the plaintiff's favor. Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007). The First Circuit has held that "dismissal for failure to state a claim is appropriate if the complaint fails to set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Gagliardi v. Sullivan, 513 F. 3d 301, 305 (1st Cir. 2008). Courts "may augment the facts in the complaint by reference to documents annexed to the complaint or fairly incorporated into it, and matters susceptible to judicial notice." Id. at 305-306. However, in judging the sufficiency of a complaint, courts must "differentiate between well-pleaded facts, on the one hand, and 'bald assertions, unsupportable conclusions, periphrastic circumlocution, and the like,' on the other hand; the former must be credited, but the latter can safely be ignored." LaChapelle v. Berkshire Life Ins., 142 F.3d 507, 508 (citing Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir.1996)); Buck v. American Airlines, Inc., 476 F. 3d 29, 33 (1st Cir. 2007); see also Rogan v. Menino, 175 F.3d 75, 77 (1st Cir. 1999). Thus Plaintiffs must rely in more than unsupported conclusions or interpretations of law, as these will be rejected. Berner v. Delahanty, 129 F.3d 20, 25 (1st Cir. 1997) (citing Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir. 1988)).

---

[2] FED. R. CIV. P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to allow the defendant fair notice of what the claim is and the grounds upon which it rests. Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007).

**CIVIL NO. 08- 1869 (SEC)**                                                                                          Page 4

      Therefore, "even under the liberal pleading standards of Federal Rule of Civil Procedure 8, the Supreme Court has recently held that to survive a motion to dismiss, a complaint must allege 'a plausible entitlement to relief.'" Rodríguez-Ortíz v. Margo Caribe, Inc., 490 F.3d 92 (1st Cir. 2007) (citing Twombly, 127 S. Ct. at 1965). Although complaints do not need detailed factual allegations, the "plausibility standard is not akin to a 'probability requirement,'but it asks for more than a sheer possibility that a defendant has acted unlawfully." Twombly, 127 S. Ct. at 1965; see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). A plaintiff's obligation to "provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S. Ct. at 1965. That is, "factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all allegations in the complaint are true." Parker v. Hurley, 514 F. 3d 87, 95 (1st Cir. 2008).

**Applicable Law and Analysis**

*Plaintiff's Section 1983 Claims*

      Defendants argue that Plaintiffs fail to state a Section 1983 claim, and that the Section 1983 claims against those Defendants who are supervisors should be dismissed because there is no *respondeat superior* liability under said statute. Plaintiffs oppose dismissal on both fronts, arguing that they have included averments within their complaint sufficient to survive dismissal at this stage. This Court begins its discussion by addressing the familiar Section 1983 standard.

      A claim under Section 1983 is established by demonstrating two elements: (1) that a government official, acting under the color of state law, (2) has caused the deprivation of a federal right. Burke v. Town of Walpole, 405 F.3d 66, 76 (1st Cir. 2005) (citing Kentucky v. Graham, 473 U.S. 159, 166 (1985)). Furthermore, a plaintiff in a civil rights action must allege an injury to a cognizable interest, and that this injury is "...causally related to the challenged

**CIVIL NO. 08- 1869 (SEC)**                                                                                           Page 5

conduct," and can be redressed through the litigation in question. See Pagan v. Calderon, 448 F.3d 16, 27 (1st Cir. 2006). The conduct alleged to have caused the violation must also be intentional or recklessly indifferent to the plaintiff's federal statutory or constitutional right. Del Villar-Rosario v. P.R. DOJ, No. 06-2089, 2008 U.S. Dist. LEXIS 36059,*5 (D.P.R. Mar. 3, 2008); see also Gutierrez Rodriguez v. Cartagena, 882 F.2d 553, 559 (1st Cir. 1989).

The First Circuit has held that "[i]n an action brought under §1983, supervisors are not automatically liable for the misconduct of those under their command." Carmona v. Toledo, 215 F.3d 124, 132 (1st Cir. 2000). However, a supervisor's liability "can be grounded on either the supervisor's direct participation in the unconstitutional conduct, or through conduct that amounts to condonation or tacit authorization." Whitfield v. Meléndez-Rivera, 431 F.3d 1, 14 (1st Cir. 2005) (citing Camilo Robles v. Zapata, 175 F.3d 41, 44 (1st Cir. 1999)). Unless the supervisor directly participated in the deprivation of the plaintiff's constitutional rights, he may only be held liable if: "(1) the behavior of his subordinates results in a constitutional violation and (2) the supervisor's action or inaction was affirmatively linked to the behavior in the sense that it could be characterized as supervisory encouragement, condonation or acquiescence or gross negligence amounting to deliberate indifference." Id. (quoting Hegarty v. Somerset County, 53 F.3d 1367, 1379-1380 (1st Cir. 1995)).[3]

---

[3] Failure to train claims may, in appropriate circumstances, lead to an imposition of liability on a supervisor or a municipality. See Calvi v. Knox County, 470 F.3d 422, 429 (1st Cir. 2006) (liability will attach if "the municipality fails to provide adequate training notwithstanding an obvious likelihood that inadequate training will result in the violation of constitutional rights") (citing Whitfield, 431 F.3d at 10). However, an assertion that a supervisor "failed to train" his subordinates and that he should be held liable for such failure, without identifying the factual underpinnings of such failure, nor identifying the causal nexus between the failed training and the street-level misconduct, is not enough. See Rodríguez-Vázquez v. Cintrón-Rodríguez, 160 F. Supp. 2d 204 (D.P.R. 2001) (dismissing claims against Police Superintendent; broad and general allegations of inadequate training and supervision of the police force that are not linked to the particular defendants joined in the action insufficient to state a claim against the superintendent); Rodríguez-Esteras v Diaz, 266 F. Supp. 2d 270 (D.P.R. 2003) (dismissing failure to train claim against police superintendent for failure to plead minimum facts in support of such a claim).

**CIVIL NO. 08- 1869 (SEC)**                                                                 Page 6

Defendants aver that there are no allegations linking them to any of the facts set forth in the complaint. According to Defendants, they did not participate in the conduct that allegedly deprived Fernández-Hernández of his life.  Toledo also contends that he was brought into this suit exclusively because he is the Police Department's Superintendent.  In opposition, Plaintiffs argue that Defendants' failure to supervise Ramos-Soto, together with their alleged knowledge of the "bad blood" between him and Fernández-Hernández, shows a callous and reckless disregard, and deliberate indifference to the latter's constitutional rights. Id.  Upon reviewing the complaint, this Court notes that Defendants did not directly participate in the events which led to this suit, therefore, they can only be found liable if Plaintiffs have first shown that their subordinates' behavior results in a constitutional violation.

Taking as true all well-pleaded facts in the complaint, this Court finds that Plaintiffs have failed to state a claim under Section 1983. That is, the complaint does not describe constitutional violations attributable to the police officers. This Court first notes that Plaintiffs' complaint, aside from providing formulaic recitations of the elements of the cause of action, fails to show the chain of events that led to Fernández-Hernández's death, and Defendants' involvement in the same. Moreover, even if Plaintiffs amended the complaint to include additional factual allegations, this Court finds that the first factor needed to state a claim under Section 1983 is not met, that is, Ramos-Soto was not acting under color of state law. As previously stated, establishing that the defendant acted "under color of state law" is one of two essential requirements for an action under Section 1983, because liability can only for imposed for conduct that is attributable to the state. Zambrana-Marrero v. Suarez-Cruz, 172 F.3d 122, 125 (1st Cir. 1999). Such determination requires an assessment of the totality of the circumstances, including "the nature and circumstances of the officer's conduct and the relationship of that conduct to the performance of his official duties." Id., n. 5; see also Gueits Colon v. De Jesus,

**CIVIL NO. 08- 1869 (SEC)**                                                                                               Page 7

177 F. Supp. 2d 128, 135 (D.P.R. 2001).  When applied to police officers, although factors such as a police officer's uniform, the officer's duty status, the officer's use of a service revolver, and the location of the incident, are to be considered, they "must not be assessed mechanically." Id. at 125. Moreover, in distinguishing private action from state action, courts must inquire as to whether the state actor's conduct occurs while performing an actual or apparent duty of his office, and under the authority of his office. Id. An officer may be acting under color of law if, "at the time in question, [he] purposes to act in an official capacity or to exercise official responsibilities pursuant to state law." Id. (citing Martinez v. Colon, 54 F.3d 980, 986 (1st Cir. 1995)).

In the complaint, Plaintiffs do not include the facts or incidents which allegedly caused hostilities between said officers, despite allegations that there was a long-standing history of fights, disputes, and a "hateful" relationship between Fernández-Hernández and Ramos-Soto. Moreover, Plaintiffs fail to provide the chain of events that led to Fernández-Hernández's death. However, Plaintiffs do not posit that the bad blood between them was due to issues arising from work-related matters, nor that Fernández-Hernández's death occurred wile Ramos-Soto exercised his duties as a police officer.  As a result, this Court finds that the present suit does not stem from actions taken by Ramos-Soto in his capacity as a police officer, but instead, that he shot and killed Fernández-Hernández as a result of the personal tensions between them. The fact that an officer may have been acting under color of state law at one point in time does not mean that all action taken immediately thereafter will constitute action done under color of state law. Therefore, even if the facts took place in the police station, which Plaintiffs do not explicitly assert, they were not executed as part of Ramos-Soto's duties as a police officer.

A review of these, and the remaining averments within the complaint regarding Defendants, persuades this Court that Plaintiffs have not sufficiently pled a viable Section 1983

**CIVIL NO. 08- 1869 (SEC)**                                                                                         Page 8

claim. As a result, Plaintiffs' Fourth, Fifth, Seventh, Eighth, and Fourteenth Amendments claims also fail.[4] Since Plaintiffs have not pled the necessary elements for a Section 1983 claim, Defendants' motion to dismiss for failure to state a claim is **GRANTED**.

*Supplemental Law Claims*

Defendants request that this Court dismiss the claims brought pursuant to it supplemental jurisdiction because dismissal of said claims is proper once all federal claims have been disposed of. Considering that Plaintiffs' federal claims are dismissed, their supplemental law claims are **DISMISSED without prejudice**.

Finally, this Court notes that the other defendants in the case at bar have not moved for the dismissal of Plaintiffs' Section 1983 claims. Nonetheless, *sua sponte* dismissal is warranted because, as previously noted, regardless of how Plaintiffs phrase or amend their claims, they will not be able to satisfy the requisites needed to prevail in a Section 1983 claim. See TMTV Corp. v. Pegasus Broad. of San Juan, 490 F. Supp. 2d 228, 236 (D.P.R. 2007) (citing Chute v. Walker, 281 F.3d 314, 319 (1st Cir. 2002)) (holding that "[*s]ua sponte* dismissal should be used sparingly, but is appropriate if it is 'crystal clear that the plaintiff cannot prevail and that

---

[4] Notwithstanding, this Court notes that, in their opposition to the Defendants' motion to dismiss, Plaintiffs admit that their claims under the Fourth, Fifth, and Sixth Amendments are unwarranted. Docket # 20, p. 5. This Court reminds the parties that all representations to the court, submitted to the court through pleadings, motions, and any other document, are bound by FED. R. CIV. P. 11(b)'s mandate. Therefore, all claims, defenses, and other legal arguments that are unwarranted by existing law, are, in fact, frivolous, and can be sanctioned by the courts. In the instant case, both Plaintiffs and Defendants have set forth unwarranted legal arguments, insofar as the current case law is extremely clear as to the applicable statutes in cases such as this one. The methodic inclusion of numerous allegations and defenses is unjustified, and unnecessarily onerous for the courts. Therefore, the parties shall take the foregoing into consideration when appearing before this Court, or face the imposition of sanctions.

**CIVIL NO. 08- 1869 (SEC)** **Page 9**

amending the complaint would be futile'"). As previously held, Ramos-Soto was not acting under color of state law, and as such, Plaintiffs' Section 1983 against all defendants claims fail.

**Conclusion**

Based on the foregoing, Defendants' motion to dismiss is **GRANTED.** Plaintiffs' federal claims against all defendants are **DISMISSED with prejudice**.

**IT IS SO ORDERED**.

San Juan, Puerto Rico, this 16th day of June, 2009.

*S/Salvador E. Casellas*
Salvador E. Casellas
U.S. District Judge